UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL W. SWAN II | CIVIL ACTION |
| VERSUS | NO. 25-1303 |
| GARRETSON RESOLUTION GROUP, INC. | SECTION: "J"(2) |

### ORDER AND REASONS

Before the Court is a *Motion to Dismiss Plaintiff's Complaint* **(Rec. Doc. 8)** filed by Defendant, Garretson Resolution Group, Inc. ("GRG"). Plaintiff, Paul W. Swan, II, opposed the motion (Rec. Doc. 9), and GRG filed a reply (Rec. Doc. 10). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Swan, a class member under the Medical Benefits Class Action Settlement Agreement ("the MSA"), held employment as a shoreline cleanup worker after the Deepwater Horizon oil spill. (Rec. Doc. 9, at 3). On February 14, 2018, Swan submitted a Notice of Intent to Sue ("NOIS") to GRG (Rec. Doc. 1-2), in which Swan stated that he suffered from asthma, among other later-manifested physical conditions, resulting from his employment after the oil spill. *Id.* at 12. Swan listed November 17, 2017 as the date of diagnosis for all of the conditions he claimed in the NOIS. *Id.* GRG did not approve Swan's NOIS because it lacked sufficient documentation and instead issued a Notice of Defect ("NOD"), which explained the consequence Swan would face if he failed to cure the defective NOIS. (Rec. Doc. 1-3,

at 2). Swan subsequently cured the defects for the other claims listed in the NOD but not for the asthma claim, which he voluntarily withdrew. (Rec. Doc. 1-4, at 3). On January 6, 2025, Swan submitted another NOIS to GRG citing January 11, 2023 as the date he received his first asthma diagnosis (Rec. Doc. 1-6, at 10), and in a letter dated January 17, 2025, the Claims Administrator informed Swan that his BELO claim for asthma was barred (Rec. Doc. 1-7, at 3). On June 25, 2025, Swan filed the instant action to challenge GRG's decision (Rec. Doc. 1), and Defendant GRG subsequently filed a motion to dismiss under Rule 12(b)(6). (Rec. Doc. 8)

## **LEGAL STANDARD**

To survive a motion to dismiss, Swan's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. There must be enough factual content for a court to draw the reasonable inference that the defendant is liable to the plaintiff. *Id*. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679, 129 S.Ct. 1937. Although a court must accept factual allegations in the complaint as true, it need not accept legal conclusions couched as factual allegations. *Id*. at 678, 129 S.Ct. 1937.

## PARTIES' ARGUMENTS AND DISCUSSION

In its *Motion to Dismiss*, GRG argues that Swan's 2025 NOIS based on an asthma diagnosis was barred because Swan failed to timely submit the claim. (Rec. Doc. 8-1, at 6). Specifically, GRG asserts that the Court should grant its motion because it has been more than seven years since Swan's first diagnosis of asthma, which is outside the four-year period established under the MSA. *Id.*

First, GRG asserts that Swan's "'first diagnosis' was based on [his] own sworn representations and prior medical history as submitted by [Swan] in the First NOIS." (Rec. Doc. 8-1, at 7). By signing the NOIS, GRG contends that Swan declared under penalty of perjury that the information included in the NOIS was true and correct. (Rec. Doc. 10, at 1-2). GRG also states that the NOD served as notice and warning to Swan of the consequences for failing to timely file or refile a BELO claim, which he chose to ignore, only to refile the claim more than seven years later with a new diagnosis date. (Rec. Doc. 8-1, at 8). GRG further argues that it simply accepted the sworn representations made by Swan, who was represented by legal counsel, regarding the date of his first asthma diagnosis as true and correct. (Rec. Doc. 10, at 2).

In his opposition, Swan states that his 2025 NOIS was timely filed and contends that the 2017 asthma information was merely a record of a self-reported history of asthma, not an official diagnosis. (Rec. Doc. 9, at 8). He goes on to assert that the asthma claim included in the 2018 NOIS was "an honest mistake that was promptly corrected once discovered." *Id.* at 14. Swan claims that by withdrawing the

asthma claim, he preserved his ability to later submit a valid NOIS once he was formally diagnosed, thus rendering his 2025 NOIS for asthma timely. *Id.* at 10.

The applicable passages of the Medical Benefits Class Action Settlement Agreement ("MSA") on which GRG relies are as follows:

> THE NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE [of the MSA, February 12, 2014], whichever is later.

*In re: Deepwater Horizon*, No. 10-md-2179 (E.D. La. May 3, 2012), ECF No. 6427-1, § VIII(A). Moreover, a class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT *only* for that LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." *Id.* § VIII(G)(2)(a) (emphasis added).

Here, Swan submitted his first NOIS for asthma in 2018, listing the diagnosis date as November 17, 2017. (Rec. Doc. 1-2, at 12). In at least two places on the NOIS form, one of which is immediately above the signature line for the claimant, appears the following statement:

> This form is an official court document sanctioned by the COURT that presides over the class actions arising from the *DEEPWATER HORIZON* INCIDENT. Submitting this document to the CLAIMS ADMINISTRATOR is equivalent to filing it with the COURT, and I declare under penalty of perjury that the information provided in this form is true and correct to the best of my knowledge, information, and belief.

(*Id.* at 18; *see also id.* at 17). After receiving Swan's NOIS, the Claims Administrator sent Swan a Notice of Defect explaining that Swan should provide either medical records or a Physician's Certification form supporting the diagnosis of asthma, along with the medical provider's signature, OR notify the Claims Administrator of his desire to withdraw the defective condition. (Rec. Doc. 1-3, at 3). Additionally, the NOD included complete instructions—in bold font and underlined—regarding the appropriate time period in which Swan was required to cure the defects regarding this asthma claim. *Id.* at 2.

Swan chose not to cure the defect and instead chose to withdraw his asthma claim. Under the clear and unambiguous terms of the MSA, Swan cannot claim, under penalty of perjury, that he was diagnosed with asthma in 2017, voluntarily withdraw that claim, and then file a second NOIS for an asthma claim more than seven years later.

Additionally, Swan presents a constitutional claim, arguing that the Court should deny GRG's *Motion to Dismiss* because GRG's actions deprive him of due process. (Rec. Doc. 9, at 15). When GRG failed to process his NOIS, Swan states that they impermissibly acted outside their eleven enumerated duties and took on the role of adjudicator. *Id.* at 13. Swan notes that according to the United States Supreme Court, courts shall not construe administrative rules relating to Multi-District Litigation and FRCP 23 to abridge or modify any of the plaintiff's substantive rights. *Id.* at 16.

GRG contends that Swan's constitutional claim lacks merit, and the Court agrees. Here, Swan himself provides rebuttal to his own claim of overreach by GRG. Swan states that one of the enumerated duties of the Claims Administrator is to "review each completed NOIS and materials submitted to confirm: (1) *the NOIS and related materials have been timely submitted.*" (Rec. Doc. 9, at 11) (emphasis added). This was exactly the action that GRG took when it identified Swan's claim as time-barred. Thus, there is nothing to indicate that GRG acted outside its authority or violated Mr. Swan's constitutional right to due process.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 8) is **GRANTED**, and that Plaintiff's Complaint to Challenge GRG's Incorrect Factual Determination and/or for Declaratory Relief (Rec. Doc. 1) is **DISMISSED with prejudice**.

New Orleans, Louisiana, this 28th day of October, 2025

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE